UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/2012

MEDIA PRODUCTS, INC. )
DBA DEVIL'S FILM )
9145 Owensmouth Ave. )
Chatsworth, CA 91311 )
 )
    Plaintiff, )
 )
v. )   Civil Action No. 12-cv-03631-DLC
 )
DOES 1 – 26 )
 )
    Defendants. )

## ~~[PROPOSED]~~ ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

Having considered Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("Motion"), and it appearing to the Court that there is good cause to grant the relief requested therein based upon Plaintiff's necessity to serve subpoenas upon Internet Service Providers to ascertain the identity of the Defendants in this case, it is:

**ORDERED** that Plaintiff's Motion is **GRANTED**.

**ORDERED** that the Plaintiff is allowed to conduct immediate discovery on the Internet Service Providers listed in Exhibit A to the Complaint with a subpoena under Federal Rule of Civil Procedure 45 seeking information sufficient to identify each Doe defendant, including name, current and permanent address, e-mail address, and Media Access Control (MAC) Address.

1

**ORDERED** that the Plaintiff may serve a Rule 45 subpoena also upon any intermediary Internet Service Provider that may be identified in response to a subpoena as providing internet services to one or more of the Doe defendants.

**ORDERED** that the Plaintiff cover any costs that the Internet Service Providers charge for researching the Doe defendants.

**ORDERED** that if and when an Internet Service Provider is served with a subpoena, Plaintiff shall serve a copy of this order to the Provider. The Provider shall then serve a copy of this order on affected subscribers. The ISPs may serve affected subscribers using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service.

ORDERED that Doe defendants shall have 60 days from the date of service of this order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISPs may not turn over the Doe defendants' identifying information to Plaintiff before the expiration of this 60-day period. Additionally, if a defendant or ISP files a motion to quash the subpoena, the ISPs may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISPs to resume in turning over the requested discovery.

ORDERED that if that 60-day period lapses without a Doe defendant or ISP contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Plaintiff. A Doe defendant or ISP who moves to quash or modify the subpoena, or to proceed anonymously, shall at the same time as his or her filing also notify all ISPs so that the ISPs are on notice not to release any of the Doe defendant's contact information to Plaintiff until the Court rules

on any such motions.

**ORDERED** that when Plaintiff files its amended complaint, which identifies such defendant, Plaintiff ~~submit~~ *may request that* such amended complaint *be filed* under seal with ~~the Court. Doe defendants shall have 60 days from the date of service of the complaint to file any applications with this Court under seal~~.

**ORDERED** that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its complaint.

**ORDERED** that subpoenas authorized by this Order and issued pursuant thereto shall be deemed appropriate court orders under 47 U.S.C. §551. In particular, 47 U.S.C. § 551(c)(2)(B) provides as follows:

> "(c) Disclosure of personally identifiable information
> \*\*\*
>> "(2) A cable operator may disclose such information if the disclosure is—
>> \*\*\*
>>> "(B) subject to subsection (h) [relating to disclosures to governmental agencies] of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed . . . ."

**ORDERED** that the Internet Service Provider shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

**SO ORDERED** this 17th day of May, 2012.

_____
United States District Judge

3